UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DUANE EDWARD FIELDER,

Plaintiff,

v.

R.N. REBECCA, *et al.*,

Defendants.

Case No. 3:20-cv-00476-MMD-WGC

ORDER

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a prisoner detained at the Washoe County Detention Center. On August 25, 2020, Magistrate Judge William G. Cobb issued an order denying the Plaintiff's application to proceed *in forma pauperis*, without prejudice, because the application was incomplete. (ECF No. 3 at 2). Judge Cobb ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400 on or before October 26, 2020. (*Id.* at 2). The October 26, 2020 deadline has now expired, and Plaintiff has not filed another application to proceed *in forma pauperis*, paid the full $400 filing fee, or otherwise responded to Judge Cobb's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

1  (affirming dismissal for failure to comply with an order requiring amendment of complaint);
2  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to
3  comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone*
4  *v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to
5  comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
6  (affirming dismissal for lack of prosecution and failure to comply with local rules).

7      In determining whether to dismiss an action for lack of prosecution, failure to obey
8  a court order, or failure to comply with local rules, the court must consider several factors:
9  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
10 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
11 disposition of cases on their merits; and (5) the availability of less drastic alternatives.
12 *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at
13 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

14     Here, the Court finds that the first two factors, the public's interest in expeditiously
15 resolving this litigation and the Court's interest in managing the docket, weigh in favor of
16 dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of
17 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
18 in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air*
19 *West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring
20 disposition of cases on their merits—is greatly outweighed by the factors in favor of
21 dismissal discussed herein. Finally, a court's warning to a party that his failure to obey
22 the court's order will result in dismissal satisfies the "consideration of alternatives"
23 requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d
24 at 1424. Judge Cobb's order requiring Plaintiff to file another application to proceed *in*
25 *forma pauperis* or pay the full $400 filing fee on or before October 26, 2020 stated:

27     It is further ordered that, if Plaintiff does not file a fully complete application
28 to proceed in forma pauperis with all three documents or pay the full $400 filing fee for a civil action on or before October 26, 2020, the Court will dismiss this action without prejudice for Plaintiff to refile the case with the

2

Court, under a new case number, when Plaintiff has all three documents needed to file a complete application to proceed in forma pauperis or pays the the full $400 filing fee.

(ECF No. 3 at 3). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with Judge Cobb's order to file another application to proceed *in forma pauperis* or pay the full $400 filing fee on or before October 26, 2020.

It is therefore ordered that this action to proceed *in forma pauperis* (ECF No. 1) or pay the full $400 filing fee in compliance with Judge Cobb's order dated August 25, 2020 is dismissed without prejudice based on Plaintiff's failure to file another application.

It is further ordered that the Clerk of Court will close the case and enter judgment accordingly.

DATED THIS 2nd Day of November 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE